IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**LISSET FARFAN**,
Plaintiff,
v.

**CLERK OF COURT, SEMINOLE COUNTY, FLORIDA**, in official capacity;
**SUPERVISORY OFFICIALS OF THE CLERK'S OFFICE RESPONSIBLE FOR APPELLATE RECORD PREPARATION**, in official capacity;
**STATE OF FLORIDA**, for prospective injunctive relief only,
Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
(42 U.S.C. § 1983; U.S. Const. Amends. I & XIV)

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983**, the **First Amendment**, and the **Fourteenth Amendment** to the United States Constitution.

2. This Court has jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343**.

3. Plaintiff seeks **prospective declaratory and injunctive relief** to remedy ongoing violations of federal constitutional rights.

4. Venue is proper in this District under **28 U.S.C. § 1391(b)** because the events giving rise to these claims occurred in Seminole County, Florida, within this District.

## II. PARTIES

5. Plaintiff **Lisset Farfan** is a resident of Florida. She is **indigent and disabled** and proceeds **pro se**.

6. Defendant **Clerk of Court, Seminole County, Florida**, is responsible for the preparation, certification, and transmission of appellate records and is sued in **official capacity only**.

7. Defendant **Supervisory Officials of the Clerk's Office** are responsible for oversight of appellate record preparation and are sued in **official capacity only**.

8. Defendant **State of Florida** is named **solely for prospective injunctive relief**, as permitted under **Ex parte Young**, to prevent ongoing constitutional violations.

## III. FACTUAL ALLEGATIONS

### A. Protected Interest

9. A **driver's license** constitutes a protected property interest under the Due Process Clause of the Fourteenth Amendment.

10. Plaintiff's driver's license has been **suspended** and remains suspended, causing ongoing hardship, loss of mobility, and daily irreparable harm.

### B. Plaintiff Timely Invoked Appellate Rights

11. Plaintiff was cited in Seminole County for a traffic offense and timely sought to **contest the citation**.

12. Plaintiff **timely filed Notices of Appeal** and appellate submissions in April 2025 in the **Eighteenth Judicial Circuit**, thereby invoking her right to first-tier appellate review.

13. Plaintiff complied with all procedural requirements **within her control**, including timely filings and notice.

### C. Defective and Corrupted Appellate Record

14. The Clerk of Court was responsible for assembling, indexing, certifying, and transmitting a **complete and accurate Record on Appeal**.

15. The appellate record prepared by the Clerk was **structurally defective**, internally inconsistent, and incomplete.

16. The record included:

    1. mismatched appellate case numbers;
    2. missing pages of Plaintiff's appellate brief;
    3. substituted pages appearing out of sequence;
    4. internal pagination gaps labeled "page not available" without explanation;
    5. certification pages appearing outside the indexed record;
    6. absence of critical materials necessary for appellate review, including radar calibration documentation central to the prosecution.

17. The record transmitted **did not constitute a coherent, identifiable, or complete appellate record** corresponding to Plaintiff's appeal.

18. On January 30, 2026, Plaintiff received what she was advised constituted the appellate record prepared in connection with her appeal. Within that compilation was a Certificate of Clerk dated May 2, 2025 (Exhibit C). However, the cover page associated with the compilation reflects an appellate case number corresponding to Plaintiff's second-tier appeal to the Fifth District Court of Appeal (Exhibit B), while the Certificate of Clerk reflects the appellate case number assigned to Plaintiff's first-tier appeal in the Eighteenth Judicial Circuit. The accompanying Index of Record reflects a total of forty-four (44) pages (Exhibit A), yet the Certificate of Clerk appears as page forty-five (45) of the compilation and is not identified or referenced anywhere in the Index. The placement of Exhibit C beyond the indexed page range, combined with its absence from the Index of Record, demonstrates that the Certificate was not part of the original indexed record and was added after the fact. Taken together, these internal inconsistencies show that the materials provided do not constitute a single, properly identified, or internally verified Record on Appeal for Plaintiff's timely first-tier appeal. A true and correct copy of the Certificate of Clerk dated May 2, 2025, is attached hereto as Exhibit C.

18A. Despite Plaintiff's timely filings and compliance with all procedural requirements within her control, the Clerk failed to assemble, certify, and transmit any coherent or identifiable Record on Appeal corresponding to Plaintiff's first-tier appeal in the Eighteenth Judicial Circuit prior to dismissal.

18B. The materials later provided to Plaintiff reflect mismatched appellate jurisdictions, inconsistent case numbers, and post hoc certification, demonstrating that no properly prepared Record on Appeal existed at the time appellate review was purportedly available.

*Exhibits A and B are submitted to demonstrate the structure, labeling, and internal inconsistencies of the appellate materials provided to Plaintiff.*

### D. Dismissal Without Meaningful Appellate Review

19. Plaintiff's appeal was **dismissed without meaningful review**, not due to Plaintiff's failure to file, but due to the **defective record prepared by the Clerk.**

19A. Plaintiff was not informed of the correct appellate case number assigned to her first-tier appeal in the Eighteenth Judicial Circuit until after the appeal had been dismissed, despite Plaintiff's repeated attempts to clarify and correct the record prior to dismissal.

20. Plaintiff repeatedly notified state courts and officials of the record defects and sought correction or clarification.

21. Plaintiff's filings were denied or stricken on procedural grounds, and appellate review **never addressed the merits or the record integrity issues.**

4

### E. Ongoing Enforcement and Harm

22. Despite unresolved appellate defects, the State **continued enforcement** of the judgment.

23. Plaintiff's **driver's license remains suspended**, causing ongoing and irreparable harm.

24. Plaintiff has been placed in the untenable position of being forced to satisfy a judgment **without ever receiving meaningful appellate review**.

### F. Reliance on Clerk's Written Confirmation

25. On July 28, 2025, the Seminole County Clerk's Office, through Deputy Clerk Robyn Young, confirmed in writing that Plaintiff's 21-page appellate filing, including her Initial Brief, "was received and is in [her] appeals case file." Plaintiff reasonably relied on this written confirmation and was never advised that further re-submission, re-designation, or correction of case numbers was required. Plaintiff had no notice that the court would later treat the Initial Brief as nonexistent, and had she been advised otherwise, she would have immediately complied. A true and correct copy of this correspondence is attached as Exhibit D.

### G. Disability and Indigency Impact

26. Plaintiff repeatedly notified the courts of her **indigent and disabled status**.

27. Procedural rigidity and record-access failures disproportionately burdened Plaintiff, effectively **denying access to appellate review**.

27A. Plaintiff requested clarification, correction, and assistance regarding appellate case numbering, record preparation, and access to the appellate record, but Defendants failed to provide reasonable accommodations or alternative procedures despite notice of Plaintiff's disability and indigency.

## IV. CLAIMS FOR RELIEF

### COUNT I

Procedural Due Process — Fourteenth Amendment. (42 U.S.C. § 1983)

28. Plaintiff realleges paragraphs 1–27A.

29. Defendants, acting under color of state law, deprived Plaintiff of a protected property interest—her driver's license—without a meaningful opportunity to be heard.

30. Plaintiff timely invoked appellate review, but state action rendered that review illusory through record corruption, misidentification, and procedural obstruction.

31. Continued enforcement of the judgment despite the absence of meaningful appellate review violates the Due Process Clause of the Fourteenth Amendment.

## COUNT II

**Denial of Access to Courts — First and Fourteenth Amendments.** (42 U.S.C. § 1983)

32. Plaintiff realleges paragraphs 1–27A.

33. Defendants' actions interfered with Plaintiff's right of **meaningful access to the courts**.

34. Through defective record preparation and procedural barriers, Defendants prevented Plaintiff from obtaining effective appellate review.

35. Plaintiff suffered **actual injury**, including dismissal of her appeal and ongoing license suspension.

## COUNT III

**Americans with Disabilities Act / Rehabilitation Act.** (42 U.S.C. § 1983; 42 U.S.C. § 12132; 29 U.S.C. § 794)

36. Plaintiff realleges paragraphs 1–33.

37. Plaintiff is a qualified individual with a disability.

38. Defendants, with notice of Plaintiff's disability and indigency, failed to provide reasonable accommodations necessary to ensure meaningful access to appellate procedures.

39. Defendants' actions resulted in denial of benefits and participation in judicial processes on the basis of disability.

## V. INJUNCTIVE AND DECLARATORY RELIEF

40. Plaintiff seeks **declaratory relief** that Defendants' actions violated her constitutional rights.

41. Plaintiff seeks injunctive relief prohibiting continued enforcement of the driver's license suspension unless and until Plaintiff is afforded a constitutionally adequate opportunity for meaningful appellate review.

42. Plaintiff seeks an order requiring Defendants to provide a constitutionally sufficient appellate process, including proper assembly, certification, and availability of a Record on Appeal or an equivalent corrective mechanism.

## VI. NO ADEQUATE REMEDY AT LAW

43. Plaintiff lacks an adequate remedy at law.

44. Without injunctive relief, Plaintiff will continue to suffer irreparable harm.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare Defendants' actions unconstitutional;
B. Enjoin enforcement of Plaintiff's driver's license suspension pending meaningful appellate review;
C. Order corrective relief ensuring constitutionally adequate appellate access;
D. Grant such other relief as the Court deems just and proper.


Respectfully submitted,
/s/ **Lisset Farfan**
Lisset Farfan
Plaintiff, Pro Se
2510 S. Laurel Ave
Sanford, FL 32773
(973) 296-3033