IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

LISSET FARFAN,

Plaintiff,

v.   Case No. 6:26-cv-00281

CLERK OF COURT, SEMINOLE COUNTY, FLORIDA, et al.,

Defendants.

_____/

## AMENDED COMPLAINT

**COUNT I**

Violation of Procedural Due Process

(42 U.S.C. § 1983 – Fourteenth Amendment)

1. Plaintiff incorporates the preceding paragraphs.
2. Plaintiff possesses a protected property interest in her driver's license. The State may not deprive Plaintiff of that interest without constitutionally adequate notice and a meaningful opportunity to be heard.
3. Defendant Clerk, acting under color of state law, is charged with non-discretionary duties to maintain the appellate docket, provide notice of material case developments, and properly maintain the appellate record.

4. On April 28, 2025, Plaintiff timely filed her Initial Brief (See Exhibit A/A1), as reflected on the progress docket under the entry "NOTICE OF APPEAL AMENDED." (See Exhibit B)

5. On July 3, 2025, the appellate court issued an Order to Show Cause in Case No. 25-02-AP stating that no Initial Brief had been filed and directing Plaintiff to file an Initial Brief within twenty (20) days. (See Exhibit C)

6. On July 18, 2025, within the twenty-day show-cause period, Plaintiff re-submitted her Initial Brief and attached proof of her April 28 filing, requesting confirmation that the filing was properly reflected and asking whether any additional action was required. (See Exhibit D)

7. On July 22, 2025, Deputy Clerk Robyn Young informed Plaintiff that the operative appellate case number was 25-02-AP. Plaintiff was not advised that re-filing the Initial Brief under Case No. 25-02-AP was required to comply with the pending show-cause order. (See Exhibit D)

8. On July 28, 2025, Deputy Clerk Robyn Young confirmed that Plaintiff's 21-page submission was in the appeals case file and represented those documents had been forwarded for review. Plaintiff was not informed that her response was procedurally deficient or that additional action was required prior to dismissal. (See Exhibit D)

9. On August 25, 2025, the appeal was dismissed for failure to file an Initial Brief. (See Exhibit E)

10. Plaintiff did not receive a copy of the appellate record until January 30, 2026, after dismissal of the appeal, and therefore had no notice of any record-assembly issue prior to dismissal.

11. As a direct result of the lack of clear notice and the failure to provide Plaintiff a meaningful opportunity to cure any perceived filing defect, Plaintiff was deprived of appellate review before her driver's license suspension became final on December 8, 2025.

12. Defendant's actions deprived Plaintiff of constitutionally adequate procedural due process in violation of the Fourteenth Amendment.

13. Plaintiff's driver's license remains suspended, constituting an ongoing deprivation of a protected property interest.

## COUNT II

**Denial of Access to Courts**

(42 U.S.C. § 1983 – First and Fourteenth Amendments)

1. Plaintiff incorporates the preceding paragraphs.

2. Plaintiff pursued a non-frivolous appeal of her traffic conviction.

3. Defendant's failure to provide notice of the operative appellate case number and failure to properly maintain and assemble the appellate record hindered Plaintiff's ability to obtain appellate review.

4. As a result, Plaintiff's appeal was dismissed for failure to file an Initial Brief despite her timely filing.

5. Plaintiff suffered actual injury in the form of lost appellate review and the continued suspension of her driver's license.

6. Defendant's conduct deprived Plaintiff of her fundamental right of meaningful access to the courts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant's failure to provide notice of the reassigned appellate case number and failure to perform non-discretionary record-maintenance duties deprived Plaintiff of procedural due process under the Fourteenth Amendment;

B. Issue prospective injunctive relief requiring Defendant to provide constitutionally adequate notice and proper appellate record processing in connection with Plaintiff's appeal;

C. Grant such additional equitable relief as the Court deems just and proper;

D. Award costs and any other relief permitted by law.

Respectfully submitted this 19th day of February 2026.

_/s/Lisset Farfan_

/s/Lisset Farfan

2510 S Laurel Ave

Sanford, FL 32773

Telephone: (973) 296-3033

Email: l.adornof@gmail.com

Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

LISSET FARFAN,

Plaintiff,

v.                                                                Case No. 6:26-cv-00281

CLERK OF COURT, SEMINOLE COUNTY, FLORIDA, et al.,

Defendants.

_____/

**COVER PAGE FOR EXHIBITS A THROUGH E**

**TOTAL PAGES 22**